SOLOMON v HIGHLAND PARK CIVIL SERVICE COMMISSION

MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICE OFFICERS—RE-
    MOVAL—STATUTES.
    A police officer's discharge was illegal and void because of a
    failure to furnish the officer with a written statement of the
    charges within 90 days of a violation as required by statute; the
    clear impact of the statutory prohibition is that if the charges
    are not filed within 90 days from the date of actual notice of
    wrongdoing, the charges are void; therefore, a statement of
    charges filed 110 days after actual notice of wrongdoing was
    not timely and the police officer should be reinstated (MCLA
    38.514).

Appeal from Wayne, George E. Bowles, J. Sub-
mitted Division 1 February 9, 1973, at Detroit.
(Docket No. 15156.) Decided May 25, 1973. Leave
to appeal denied, 390 Mich 790.

Complaint by William Solomon against the City
of Highland Park Civil Service Commission for
superintending control to compel his reinstate-
ment as a police officer. Complaint dismissed.
Plaintiff appeals. Reversed.

*Robert Larin (Denison, DeVine, Porter & Bar-
tush,* of counsel), for plaintiff.

*George W. Moore,* City Attorney, and *Ralph A.
Modad,* attorney for Civil Service Commission, for
defendant.

Before: T. M. BURNS, P. J., and BASHARA and
ADAMS,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
63 Am Jur 2d, Public Officers and Employees § 177 et seq.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

BASHARA, J. Plaintiff appeals from the trial court's order dismissing his complaint for superintending control.

Plaintiff was a regular member of the. Highland Park Police Department from the date of his appointment, March 2, 1967, to December 4, 1968. On that date, the Wayne County Citizens' Grand Jury returned six separate "True Bills" charging plaintiff with thefts from various business places in Highland Park. Plaintiff was served, on the same date, with a "Statement of Charges" informing him that he was suspended until the criminal charges had been disposed of, at which time his status would be reconsidered. Plaintiff did not file an answer to this "Statement of Charges".

Of the six larceny "True Bills" returned against plaintiff, two went to trial and plaintiff was acquitted on these "True Bills". On September 30, 1969, an order of *nolle prosequi* was entered in each of the four remaining indictments pursuant to a representation by the Wayne County Prosecutor that the people could not sustain the burden of proof.

On September 30, 1969 a second "Statement of Charges" was issued, discharging plaintiff from the Highland Park Police Department. Plaintiff's discharge was based on the six indictments and a statement made by plaintiff to the Michigan State Police Department on October 9, 1968. In this statement, plaintiff admitted taking a bottle of liquor from a store in which he was investigating a burglary. This statement was not known to the Highland Park Police Department, since a representative of that agency was not present at the time the statement was made. However, the contents of the statement were revealed during a

*Walker* hearing,[1] conducted from June 3 to June 12, 1969, at which hearing the captain of the Highland Park Police Department was present as an official representative.

Plaintiff answered the second "Statement of Charges" and a hearing was conducted on July 24, 1970 before the Highland Park Civil Service Commission. After hearing the evidence, the commission affirmed plaintiff's dismissal. Plaintiff then filed a complaint for superintending control in Wayne County Circuit Court. After the submission of proposed findings of fact and conclusions of law, the trial court dismissed the complaint. From this ruling, plaintiff appeals.

Plaintiff's principal contention is that his discharge was illegal and void due to the failure of the removing officer to file charges within 90 days of the violation as required by MCLA 38.514; MSA 5.3364.

This statutory provision relied upon by plaintiff provides in relevant part:

"No member of any fire or police department within the terms of this act shall be removed, discharged, reduced in rank or pay, suspended or otherwise punished except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions, and all charges shall be void unless filed within 90 days of the date of the violation, except in the case of a probationer, whose violations may accumulate for the probationary period."

Defendant counters plaintiff's contention by arguing that plaintiff's failure to answer the first "Statement of Charges" tolled the 90-day period until every charge had been disposed of. This

---

[1] *People v Walker,* 374 Mich 331 (On rehearing, 1965).

identical argument was rejected by our Supreme Court in *Locke v Macomb County,* 387 Mich 634 (1972). The Court in *Locke, supra* dealt with a statute similiar to the one presently before this Court, and held the failure to answer a notice of suspension did not preclude him from seeking reinstatement after the final disposition of the charges. In reaching this conclusion, the Court used the following rationale:

"As noted, the notice of September 11, 1968 was not a notice of discharge or removal but rather of a suspension for a specified period. The clear implication of the notice was that upon determination of plaintiff's guilt of the charges therein referred to, the matter of his discharge or removal or other punishment would be appropriately treated. An equally clear implication is that if plaintiff be determined to be not guilty of those charges he would be reinstated with pay for the period of suspension.

* * *

"Assuming that notice was sent to the Commission there was nothing for the plaintiff to protest. Since he accepted the terms of the suspension, he was, under those terms, entitled to reinstatement with pay for the period of suspension when he was acquitted." *Locke, supra,* 639, 641.

We recognize the fact that plaintiff was not acquitted of all the charges but this does not change the fact that plaintiff's failure to answer a notice of suspension cannot be turned into an acquiescence of the terms of the discharge.

Thus, we must determine whether the notice of discharge, based on plaintiff's admission of taking a bottle of liquor, was filed within the 90-day period as proscribed by statute. The alleged theft of liquor from the Lionas Grill apparently occurred sometime prior to December 4, 1968. The

"Statement of Charges" notifying plaintiff of his dismissal on September 30, 1969 clearly was beyond the 90-day period. However, the trial court determined that the period should begin to run from the time that the appropriate agency had knowledge of the violation rather than the actual date of the violation. We agree with the trial court's interpretation but find that it erred in applying it to the facts present in the instant case.

Captain Sarkella, who was the official representative of the Highland Park Police Department for the purpose of this investigation was present at the *Walker* hearing which was conducted from June 3 to June 12, 1969. The purpose of this hearing was to determine the admissibility of the statement made by plaintiff, which served as the basis of his discharge. Thus, by June 12, 1969 the Highland Park Police Department, through it's official representative, had notice of this violation. However, no action was taken until September 30, 1969, which was 110 days after the department had notice. Clearly, the statutory mandate was not complied with in the instant case.

The argument of defendant that it was powerless to act until the indictments were disposed of appears only to enforce plaintiff's position. If, in fact, the defendant felt that it must abide the outcome of the indictments before proceeding, then it becomes clear that it was the indictments themselves upon which the original charges were based. Because the removal was civil in nature, there was nothing to prevent the defendant from issuing the statement of charges upon the discovery of the facts by Captain Sarkella by June of 1969, or 90 days therefrom.

The clear import of the statutory prohibition is that if the charges are not filed within 90 days

from the date of actual notice of wrongdoing, the charges are void. Therefore, the statement of charges not having been filed within 90 days, the plaintiff should be reinstated.

We agree with the findings of fact and conclusions of law of the trial judge that petitioner was entitled to remain in office after dismissal of the indictments pending the determinations of the Civil Service Commission.

Plaintiff contends that his discharge from the Highland Park Police Department was illegal and void in view of defendant's failure to hold a hearing within ten days from the filing of charges pursuant to statute.[2] In view of our opinion this issue is rendered moot.

Plaintiff is entitled to back pay from September 30, 1969, the date all pending indictments against him were dismissed.

Reversed, no costs.

All concurred.

---

[2] MCLA 38.514; MSA 5.3364.