## WINES v CITY OF HUNTINGTON WOODS

Docket No. 45252. Submitted December 11, 1979, at Lansing.—Decided April 23, 1980.

Robert Wines, a police officer employed by the City of Huntington Woods, took the written portion of a competitive examination for promotion to the rank of police sergeant in October, 1974. Following the written portion of the examination, Wines was advised that he had the second highest score on that portion of the examination; however, city officials would not divulge to plaintiff the names or positions of those who scored above or below him. In 1975, following completion of the oral portion of the examination, Wines was advised that he was second among the three finalists. Wines' requests for his compiled score and the scores of the other candidates were denied by city officials. Following a 1978 conversation with an attorney, Wines was able to secure from city officials the scores of the 1975 examination and discovered that they had been improperly totalled by the city manager. Wines filed an unfair labor practice charge with the Michigan Employment Relations Commission, alleging that his score and the score of one other candidate were intentionally miscalculated because of their affiliation with a police officers' union and that but for the miscalculation he would have had the top score and would have been promoted to the rank of sergeant. The city moved to dismiss Wines' charge on the basis of the provision of the public employment relations act which provides that an unfair labor practice charge must be filed with the commission not more than six months after the unfair labor practice. The administrative law judge granted the city's motion to dismiss. The commission affirmed the administrative law judge's decision. Wines appeals. *Held:*

    The six month limitation period contained in the public employment relations acts relative to the filing of unfair labor

REFERENCES FOR POINTS IN HEADNOTE

[1] 48 Am Jur 2d, Labor and Labor Relations §§ 1369, 1370, 1764 *et seq.*

Period of limitations or laches to be applied under 29 USC §§ 185, 187, in action for breach of labor contract or damages from unfair labor practice. 19 ALR3d 1034.

practice charges was tolled during the period of time that Wines had no actual knowledge or reason to know of the alleged unfair labor practice of the city.

Reversed and remanded.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNFAIR LABOR PRACTICES — KNOWLEDGE — LIMITATIONS ON PROCEEDINGS — TOLLING.

The six month limitation period during which a public employee may file an unfair labor practice charge under the public employment relations act is tolled during the period in which the employee has no actual knowledge or reason to know of an unfair labor practice by the public employer (MCL 413.216[a]; MSA 17.455[16][a]).

*Maybaugh, Wellman & Monnich,* for plaintiff.

*Shifman & Goodman, P.C.,* for defendant.

Before: T. M. BURNS, P.J., and J. H. GILLIS and BASHARA, JJ.

T. M. BURNS, P.J. Plaintiff, Robert Wines, appeals of right a May 3, 1978, decision of the Michigan Employment Relations Commission that affirmed a prior decision of an administrative law judge to dismiss plaintiff's unfair labor practice complaint because plaintiff had failed to file this action within the time period of the appropriate statute of limitations. MCL 423.216(a); MSA 17.455(16)(a). We reverse.

In October, 1974, plaintiff, a police officer employed by the defendant City of Huntington Woods, took a competitive examination for promotion to the rank of police sergeant. The examination consisted of an oral and a written portion. After the scores on the written test had been tabulated but before the oral test had been given, plaintiff was advised of his written score and of the fact that this score placed him second highest among the persons who had taken the examina-

tion. Defendant did not divulge to plaintiff the names or the positions of those who had scored above and below him.

Subsequently, plaintiff completed the oral portion of the examination, and, in January, 1975, he was advised of the results of this portion of the test by the director of the Huntington Woods Police Department. However, plaintiff was informed only of his standing among those who had taken the test and was not told the identity of those who scored above or below him or the difference between his and other scores. Plaintiff also alleges that he was never advised of his compiled score but that the top three candidates for the sergeant position, based upon their total scores on the examination, were posted alphabetically. The director of the police department informed plaintiff that his competitive position was second among the three finalists.

Plaintiff requested the scores of the other persons who had taken the examination. On separate occasions, both the director of the police department and the city manager refused to divulge this information. After a conversation with his attorney in 1978, plaintiff discovered that a procedure was available by which he could compel delivery of the scores. Thereafter, plaintiff demanded and received the scores of the 1975 examination.

Upon inspecting the scores plaintiff discovered that they had been improperly totalled by the city manager. Plaintiff contends that, if they had been properly computed, he would have had the top score on the examination and would have been promoted to the rank of sergeant. Plaintiff alleges that his score and the score of another person who had taken the test were intentionally miscalculated because of their affiliation with a police

officers' union. Defendant denies these allegations. No proof was taken on them however, because defendant's motion to dismiss for the failure of plaintiff to comply with the statute of limitations was granted.

In pertinent part, MCL 423.216(a); MSA 17.455(16)(a), which sets forth the period of limitations for actions alleging unfair labor practices, provides:

> "Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the commission, or any agent designated by the commission for such purposes, may issue and cause to be served upon the person a complaint stating the charges in that respect, and containing a notice of hearing before the commission or a commissioner thereof, or before a designated agent, at a place therein fixed, not less than 5 days after the serving of the complaint. *No complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the commission and the service of a copy thereof upon the person against whom the charge is made,* unless the person aggrieved thereby was prevented from filing the charge by reason of service in the armed forces, in which event the 6-month period shall be computed from the day of his discharge." (Emphasis supplied).

Unquestionably, plaintiff's complaint with the MESC was not filed within six months of the date that his test scores allegedly were altered, or within six months of the date that he was refused access to the scores of all persons who had taken the examination. Plaintiff argues, however, that his claim was not stale for two reasons: first, the period of limitations set forth in this statute should be held to commence running only when the employee knows or should know of the alleged unfair labor practice and, second, the period of

limitations should be deemed tolled during the time that an employer engages in fraudulent concealment of an unfair labor practice. We agree.

No Michigan appellate court has been called upon previously to address the limitations period contained in this statute. However, in cases where this Court has interpreted the limitations provisions in other statutes regulating public employment, it has inferred the existence of tolling periods even though the involved statute did not provide explicitly therefor.

In *Solomon v Highland Park Civil Service Comm,* 47 Mich App 536, 540; 209 NW2d 698 (1973), *lv den* 390 Mich 790 (1973), this Court considered essentially the same issue before us here, but in the context of the limitations provision of MCL 38.514; MSA 5.3364, which applies to the removal or suspension of police officers and firefighters. Although the Court disagreed with the trial judge's application of the limitations period to the facts before it, it affirmed the judge's ruling that the 90-day limitations period did not begin to run until the discharging authority had actual knowledge of an employment violation. Similarly, in *Hunn v Madison Heights,* 60 Mich App 326, 333; 230 NW2d 414 (1975), this Court reaffirmed the holding of *Solomon* and held that charges against a police officer were brought timely when they were filed with a municipal civil service commission within 90 days of the date of actual notice of the alleged wrongdoing, even though more than 90 days had expired since the date of the misconduct.

In *Werner v Macomb County Civil Service Comm,* 77 Mich App 533, 538; 258 NW2d 549 (1977), *lv den* 402 Mich 836 (1977), this Court found that the 90-day limitations period of MCL

51.362; MSA 5.1191(112), which concerns the discharge and suspension of civil service employees of county sheriff departments, "runs from the time the discharging authority has knowledge of the misconduct". The Court held this to be true despite the plain language of the statute involved, which the Court conceded seemed to "indicate that if the discharging authority does not discover the misconduct or does not act within 90 days of the misconduct itself, no subsequent action is justified". 77 Mich App 533, 537.

We see no valid reason to interpret the statute before us in a manner other than one consistent with the interpretations given the statutes involved in the above cases. To hold otherwise would allow unscrupulous employers to conceal unfair labor practices until expiration of the six-month limitations period and thus preclude relief for violations of their employees' rights. We hold, therefore, that, where a plaintiff-employee has no actual knowledge or reason to know of an unfair labor practice, the limitations period of MCL 423.216(a) is tolled. In light of this disposition we find it unnecessary to address a second issue raised by plaintiff as to whether the statute of limitations would be tolled under the doctrine of fraudulent concealment. See, *DeHaan v Winter,* 258 Mich 293; 241 NW 923 (1932), MCL 600.5855; MSA 27A.5855.

Reversed and remanded for further proceedings consistent with this opinion. Costs to abide final outcome. We do not retain jurisdiction.