Gregory E. **WALTERS**

v.

**TENNESSEE VALLEY AUTHORITY.**

Gregory E. **WALTERS**

v.

**TENNESSEE VALLEY AUTHORITY et al.**

**Civ. Nos. 3–80–332, 3–80–367.**

United States District Court, E. D. Tennessee, N. D.

Nov. 11, 1980.

David A. Burkhalter, II, Knoxville, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Justin M. Schwamm, Sr., James E. Fox, Robert E. Washburn, Robert C. Glinski, William R. Casto, Alvin M. Cohen, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

These actions arise out of the same facts, and so will be considered together.  In Civ.

3-80-332, plaintiff seeks release of a report prepared by the Tennessee Valley Authority (TVA) Office of the General Counsel in response to certain allegations he made with regard to TVA's Home Insulation Program. Civ. 3-80-367 is an action for damages in which plaintiff claims he was libeled by statements made by three employees of TVA and published in the *Oak Ridger* newspaper. Though the facts may be stated together, the cases present distinct legal issues which will be considered separately.

### Facts

TVA sponsors a Home Insulation Program under which an eligible homeowner can receive a free "energy audit" to determine his or her home insulation and weatherization needs. The homeowner can also receive interest-free financing from TVA for qualified energy improvements, and a further inspection to insure that insulation and other work has been properly installed prior to undertaking liability for payment. (Aff. of James Cox, filed in Civ. 3-80-367, at p. 2). From June, 1977, until his resignation in May, 1980, plaintiff was employed by TVA as an Energy Adviser whose duties included conducting the inspections required by the Home Insulation Program in the Oak Ridge community.

In November, 1979, plaintiff made the first of several complaints to TVA management officials concerning alleged deficiencies in the Home Insulation Program. He claimed that work performed under the program was faulty and in some cases even presented fire hazards to the homes concerned. He also charged that other inspectors were approving the work despite the deficiencies.

Plaintiff claims that as a result of his complaints in late 1979 and early 1980, he was subjected to vindictive harassment by his supervisor H. C. Anderson (not a party to either lawsuit), and in January, 1980, received a poor service review. Plaintiff strongly contests Anderson's eligibility to review his work performance because he had filed a grievance against Anderson shortly before which was pending at the time.

On March 3, 1980, a rather lengthy article appeared in the *Oak Ridger*, an Oak Ridge newspaper, describing plaintiff's charges. (Ex. 3 to Aff. of Michael L. Butler, filed in Civ. 3-80-367). The article was apparently based on an interview with plaintiff, and reported that TVA's Office of General Counsel was investigating the matter. The article states that James Cox, Manager of the Eastern District Office of Power, and a defendant in Civ. 3-80-367, commented only that the situation involved a "sensitive personnel matter" which TVA was "looking into." (Id.)

After publication of the March 3 article, the *Oak Ridger* repeatedly contacted TVA for follow-up information. On April 24, it was reported that the General Counsel's Office had completed its investigation and was forwarding its report to management. The paper was told that the report "might not be released to the public because of privacy consideration." (Aff. of Michael L. Butler, filed in Civ. 3-80-367, at p. 2).

Subsequent to publication of the April 24 article, TVA decided not to release the investigation report. In response to repeated inquiries from the *Oak Ridger*, Michael L. Butler, TVA's Manager of Media Relations, directed R. O. Swisher, Coordinator of the District Offices of TVA's Office of Power, to prepare a summary of the report's conclusion and of the action taken by TVA with respect to plaintiff. The statement is attached as Exhibit 5 to Butler's affidavit. On or about May 1, Butler called the *Oak Ridger* reporter who had written the two previous stories and read the statement to her. He says in his affidavit that he made no further comment on the matter, and that the printed statement was never itself released. Although the statement nowhere mentions plaintiff by name, the article reporting the statement, published May 2, 1980, does. (Exhibit B to original complaint.) The statement prepared by Swisher contains the following sentences, which form the basis for his libel action:

This adviser has been given a probationary assignment in the Appalachian Dis-

trict Office in Knoxville where he will continue working with the Home Insulation Program in another capacity. His assignment in Knoxville will be probationary because of a history of job performance deficiencies.

Thereupon, plaintiff sought a copy of the investigation report prepared by the Office of the General Counsel. While he was allowed to read the report on May 2, TVA repeatedly refused to provide him with a copy. (See exhibits to complaint in Civ. 3–80–332). Having exhausted his remedies within TVA, plaintiff filed suit in this Court seeking the report under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. While TVA refused to produce the report in connection with the FOIA action claiming it was privileged and confidential and thus exempt under § 552(b)(5), (6), and (7), it did finally provide plaintiff with a copy both in response to a request for production of documents and as an exhibit to its motion for summary judgment in connection with the libel action. However, the names of all homeowners who were interviewed were deleted from the copies provided.

*Civ. 3–80–332 FOIA Claim*

Defendant TVA has moved for summary judgment in the FOIA case contending that the issues are moot because it supplied the requested report in connection with the libel case. Plaintiff admits that Exhibit 5 attached to the affidavit of James Cox and filed in Civ. 3–80–367 is in fact the sought–after report, but argues that he has not received the entire report because of the deleted names, and that he is entitled to attorney's fees under § 552(a)(4)(E).

■ As to the first contention, the Court notes that in a letter dated June 6, 1980 to William Willis, General Manager of TVA, announcing his intent to appeal defendant's denial of his FOIA request and the reasons therefor, plaintiff stated:

The names and addresses of the private citizens would not be a disclosure that would be a clearly unwarranted invasion of personal privacy because I furnished

the Office of the General Counsel with the names of the homeowners, et cetera. I had been to each of these homes which prompted the request for the investigation. However, legally you may block out the names and addresses when you furnish me with a copy of the report. (Exhibit D to complaint in Civ. 3–80–332).

While we are not able to say that, as a matter of law, this amounts to a waiver by plaintiff of his request for the names, it does indicate that he already has access to the information. Plaintiff's request for full disclosure of the names is therefore denied.

■ Plaintiff also seeks attorney's fees under 5 U.S.C. § 552(a)(4)(E), which provides:

The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

We note that the award of fees is not automatic, but is within the sound discretion of the trial court. *Polynesian Cultural Center, Inc. v. NLRB*, 600 F.2d 1327 (9th Cir. 1979); *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir. 1979). In deciding whether to award fees in an FOIA case, the Court must weigh the following factors: public benefit of disclosure; commercial benefit to the complainant; the nature of the complainant's interest in the records sought; and the reasonableness of the asserted basis for withholding. *Nationwide Bldg. Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712 (D.C.Cir. 1977).

■ Plaintiff has made no showing of what he intends to use the copy of the report for, except to indicate that he needed it "in order that I could carefully consider the statements contained therein." (Affidavit of Gregory Walters, Ex. A to plaintiff's motion for summary judgment in Civ. 3–80–332). Two and one–half months after his initial request for the document, plaintiff filed a libel action against TVA. In addition we cannot say that TVA's initial refusal to publish the report was unreasonable in view of its character as a memoran-

dum from attorney (General Counsel's Office) to client (TVA management) concerning serious charges about a TVA program. On balance, we do not feel this is a proper case for an award of attorney fees.

Accordingly, it is ORDERED that defendant's motion for summary judgment be, and the same hereby is, granted, and that Civ. 3–80–332 be, and the same hereby is, dismissed as moot.

### Libel Claim, Civ. 3–80–367

Defendants have moved for summary judgment in the libel case as well. They argue that the alleged libelous statements were made by the individual defendants, if at all, within their discretionary authority as management personnel of TVA, a government agency, and that they therefore enjoy absolute immunity from civil liability of the kind claimed here under the doctrine announced in *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). TVA then argues that it cannot be held liable on a respondeat superior theory where those from whom its liability is derived are immune.

Plaintiff does not allege that the TVA itself libeled him or caused him harm directly. TVA's liability depends upon the liability of the individual defendants. *Stewart v. Craig*, 208 Tenn. 212, 344 S.W.2d 761 (1961). The controlling issue in this case, then, is whether the individual defendants are immune from suit.

█ *Barr v. Mateo, supra*, was itself a libel action. The Acting Director of the Office of Rent Stabilization was sued by two former employees for statements he made when he determined to suspend them for their involvement in a rather questionable accumulated annual leave payment plan some two and one-half years before. The Supreme Court dismissed the suit holding that the defendant was absolutely immune from the libel action, despite allegations of malice in the complaint. 360 U.S. at 574, 79 S.Ct. at 1341. In his plurality opinion, Justice Harlan relied on an expansion of *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896), which had clothed a Cabinet officer with the same immunity.

It is not the title of his office but the duties with which the particular officer sought to be made to respond in damages is entrusted—the relation of the act complained of to "matters committed by law to his control or supervision," *Spalding v. Vilas, supra*, at 498 [16 S.Ct. at 637]— which must provide the guide in delineating the scope of the rule which clothes the official acts of the executive officer with immunity from civil defamation suits.... The fact that the act here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable.... 360 U.S. at 574, 575, 79 S.Ct. at 1341, 1342.

Thus, under *Barr v. Mateo, supra*, a government official is immune from civil liability for defamation arising out of statements made or action taken by him which is within the outer perimeter of his line of duty. Each of the individual defendants has submitted an affidavit and job description. Plaintiff has offered no evidence to rebut the defendants' proof.

█ Defendant James Cox was, at the time the statement was issued, the District Manager of the Eastern District Office of TVA's Office of Power. As such, Mr. Cox had responsibility "for administering and coordinating all activities in the district that affect the power program, such as public understanding, implementation of all energy conservation programs, and relationships of distributors and the general public." (Ex. 1 to affidavit of James Cox). He also supervised personnel employed in the District Manager's Office in which plaintiff was employed. (See Employee Profile, Employee Service Review Form, attached to affidavit of Gregory Walters and filed in Civ. 3–80–367). Although the allegations against Mr. Cox are not clear, as it is not claimed that he had personal involvement with issuing the statement in question, it does appear from the record that it was he who informed plaintiff of his probationary assignment in Knoxville. This he had clear authority to do and he is immune from liability arising out of that action.

Michael Butler was Manager of Media Relations at the time he read the statement to the *Oak Ridger* reporter. As such, he is responsible for maintaining "daily contact with the news media in the Tennessee Valley and beyond and serves as key public spokesperson for the agency on matters related to TVA." (Ex. 2 to affidavit of Michael L. Butler, filed in Civ. 3–80–367). Clearly, Butler had authority to make the statement which he made to the press.

Defendant R. O. Swisher was Coordinator of the District Offices of TVA's Office of Power. He serves as "coordinator in the preparation of responses to inquiries from the public and correspondence referred from the TVA Board and General Manager through the Power Manager's Office." (Ex. 1 to affidavit of R. O. Swisher, filed in Civ. 3–80–367). Once again, preparation of the statement read to the press by Butler was a matter squarely within his job description.

█ Since all acts performed and statements made which form the basis of this lawsuit were done by officials of TVA and were "within the outer perimeter of their lines of duty," each of the individual defendants is absolutely immune from tort liability arising therefrom. *Barr v. Mateo, supra. Estate of Burks v. Ross*, 438 F.2d 230 (6th Cir. 1977), is not to the contrary. In that case, the court held that the "executive privilege" announced in *Barr* did not extend to employees of a veterans hospital who "had few discretionary duties, but performed largely ministerial functions under the supervision and orders of their superiors." 438 F.2d at 235. Here, all the individual defendants are of managerial level (see job descriptions cited above) and are clothed with considerable discretion in the performance of their duties.

Finally, we hold that since the individual defendants cannot be held liable to plaintiff, and since that is the sole basis of TVA's liability, the plaintiff's claim against the latter must fail as well. *Stewart v. Craig, supra*, 344 S.W.2d at 763.

Accordingly, it is ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that Civ. 3–80–367 be, and the same hereby, is dismissed.

Order Accordingly.