DENSMORE v DEPARTMENT OF CORRECTIONS

Docket No. 148418. Submitted December 29, 1993, at Lansing. Decided January 19, 1994, at 9:50 A.M.

Dale L. Densmore, Jr., a prisoner confined under the jurisdiction of the Department of Corrections, brought an action in the Ingham Circuit Court against the department, seeking a copy of a specific memorandum concerning himself. He had directed within the department two requests for the memorandum under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, one to the custodian of his medical records and one to the custodian of his institutional file. One request was granted and the other was denied. The court, Michael G. Harrison, J., granted summary disposition for the defendant and dismissed the case after an in camera inspection indicated that the document sought was identical to the document already furnished. The plaintiff appealed.

The Court of Appeals *held:*

1. Where, as here, the requested material has been provided previously, there must be some explanation, a showing of good cause, why the first copy did not suffice for the requester's purposes before an additional copy may be obtained.

2. Once the document is produced, the substance of the controversy disappears and becomes moot because the disclosure that the suit seeks already has been made.

3. Where the document already has been furnished, it is abusive and a dissipation of agency and court resources to make and process a second claim.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — REPETITIVE OR MULTIPLE REQUESTS — ADDITIONAL COPIES OF DOCUMENT.

It is not an abuse of discretion for a court to refuse to order a department of the state to release a document requested under the Freedom of Information Act where the requester already

REFERENCES

Am Jur 2d, Depositions and Discovery § 75 et seq.

See ALR Index under Discovery; Freedom of Information Acts; Production of Documents.

has received a copy of the document; to obtain an additional copy, the requester must show good cause why the copy already received was not sufficient (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

Dale L. Densmore, Jr., in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Pamela J. Stevenson,* Assistant Attorney General, for the defendant.

Before: DOCTOROFF, C.J., and MURPHY and FITZ-GERALD, JJ.

PER CURIAM. Plaintiff, a prisoner confined under the jurisdiction of the Department of Corrections, made Freedom of Information Act (FOIA) requests, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, seeking a copy of a memorandum dated August 2, 1985, concerning himself, directing one such request to the custodian of his medical records, and the other to the custodian of his institutional file. The former request was granted, and a copy provided; the latter request was denied, an exemption being claimed.

Suit was commenced in the Ingham Circuit Court. The trial judge inspected the questioned document from plaintiff's institutional file in camera, reported that it was identical to the document already furnished to plaintiff, and dismissed plaintiff's action. The plaintiff appeals as of right.

Although this situation is not directly addressed in the Michigan FOIA, or for that matter in its federal counterpart, 5 USC 551 *et seq.*, it is axiomatic that statutes are to be construed so as to avoid absurd consequences. *King v Director of Midland Co Dep't of Social Services,* 73 Mich App 253; 251 NW2d 270 (1977). We think a useful analogy can be drawn between repetitive FOIA

requests for a document, a copy of which has already been provided to the requester or which is otherwise available to the requester or in the requester's possession, and MCR 6.433(B)(2), which directs court clerks to provide copies of material from criminal files to indigent defendants, but also provides that, where the requested materials have been previously provided, the defendant must make a showing of good cause in order to obtain an additional copy. In other words, there must be some explanation why the first copy did not suffice for the requester's purposes, e.g., that it was lost or stolen, or perhaps destroyed by someone other than the requester.

In construing the Michigan FOIA, the Michigan judiciary has always looked to construction of the federal counterpart by the federal judiciary for guidance. *Kestenbaum v Michigan State Univ,* 414 Mich 510, 525 (opinion by FITZGERALD, C.J.), 551 (opinion by RYAN, J.); 327 NW2d 783 (1982); *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 233; 507 NW2d 422 (1993). Accordingly, we adopt the reasoning and result of the United States Court of Appeals for the District of Colombia Circuit in the ironically named *Crooker v United States State Dep't,* 202 US App DC 9, 10-11; 628 F2d 9 (1980):

In January, 1977, appellant Michael Alan Crooker (a federal prisoner proceeding *pro se*) requested from the State Department a copy of all files indexed under his name. Nineteen documents were found. Thirteen of them which had originated with the Federal Bureau of Investigation (FBI) were forwarded to that agency for review and direct response to appellant. The FBI released the thirteen documents to appellant on April 17, 1978. Nevertheless, on August 1, 1978, Crooker wrote the State Department requesting the FBI docu-

ments indexed under his name. The State Department responded that the FBI had released the thirteen documents to him on April 17, 1978.

Appellant then filed the complaint in this case under the Freedom of Information Act (5 USC § 552) seeking declaratory and injunctive relief against the State Department. The only documents at issue are the thirteen documents already released to him by the FBI.

The District Court has previously disallowed a second claim by plaintiffs seeking the same documents from a separate agency. *Lynas v United States Department of State,* Civ No 76-1880, slip op at 2 (DDC, Nov 30, 1978); *accord, Serbian Eastern Orthodox Diocese v CIA,* Civ No. 77-1412, slip op at 2-3 (DDC, July 13, 1978). The Freedom of Information Act does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so. Thus, the State Department is not required to release documents that appellant has already received from the FBI.

Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made. *Ackerly v Ley,* 420 F2d 1336, 1340 (DC Cir, 1969) (footnote omitted). See also *Misegades & Douglas v Schuyler,* 456 F2d 255 (4th Cir, 1972); *Kaye v Burns,* 411 F Supp 897, 901 (SD NY, 1976).

Additionally, the State Department regulations provide for the automatic referral of requests for records to the agency that originated the record—the "originator." Consequently, the request to the Department is in effect a second request to the FBI, which has already provided appellant with the same documents he requests a second time.

Where the records have already been furnished, it is abusive and a dissipation of agency and court resources to make and process a second claim. The purpose of the Freedom of Information Act is to provide access to governmental materials, with

limited exceptions. Here, the request was fully satisfied; the referral to the originating agency was necessary because of the sensitive nature of the materials involved and the familiarity of the originator with the records and their nuances.

Accord *Walters v Tennessee Valley Authority,* 503 F Supp 111 (ED Tenn, 1980), aff'd 698 F2d 1225 (CA 6, 1982), cert den 459 US 823 (1982).

Affirmed.