COMMAND OFFICERS ASSOCIATION OF MICHIGAN v CITY OF
ALLEN PARK

Docket No. 165236. Submitted November 1, 1994, at Detroit. Decided
May 12, 1995, at 9:00 A.M. Leave to appeal sought.

The City of Allen Park Fire & Police Civil Service Commission
conducted a hearing on September 10, 1992, to consider certain
charges against officer Kenneth Dobson resulting from his
involvement in an automobile accident on May 18, 1992. The
commission found that three charges were sustained and en-
tered an order of discipline. The Command Officers Association
of Michigan and Dobson appealed that decision to the Wayne
Circuit Court. The court, Kathleen MacDonald, J., affirmed.
The Command Officers Association of Michigan and Dobson
appealed.

The Court of Appeals *held:*

MCL 38.514; MSA 5.3364 provides that charges under the
policemen and firemen's civil service act must be brought
against the policeman or fireman involved within ninety days
after the date the violation occurred or the charges are void. In
the past, the ninety-day period has been interpreted to begin
running after the department had knowledge of the violation. In
this case, the charges were brought against Dobson within
ninety days of when the police department had knowledge of
the violations. Nevertheless, pursuant to Administrative Order
No. 1994-4, this Court must follow the holding in *Goodridge v
Ypsilanti Twp Bd,* 209 Mich App 344 (1995), in which the Court
of Appeals determined that all charges filed after ninety days
from the date of the violation are void. Therefore, the charges
against Dobson, which were brought more than ninety days
after the violation, but less than ninety days from the time the
police department had knowledge of the violation, must be
declared void.

Reversed.

MICHAEL J. KELLY, J., concurring in the result only, stated
that *Goodridge* was correctly decided.

*Stephen P. Whitaker,* for the Command Officers
Association of Michigan and Kenneth Dobson.

*Pagnucco, Kruse, Tamsen & Labadie, P.C.* (by *Kenneth D. Kruse* and *Deborah L. E. Green*), for the City of Allen Park.

*Judith Sawicki,* for the City of Allen Park Fire & Police Civil Service Commission.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

FITZGERALD, P.J. Petitioners filed a claim of appeal in the Wayne Circuit Court from a decision by the City of Allen Park Fire & Police Civil Service Commission to discipline petitioner Kenneth Dobson, a policeman with the Allen Park Police Department. Following a hearing, the circuit court affirmed the commission's decision. Petitioners now appeal as of right.

On May 18, 1992, the vehicle in which Allen Park police officer Corporal Richard Curtis and Dobson, his passenger, were traveling collided with the rear of a vehicle owned by Laura Crupi and driven by Chad Hall. Curtis and Dobson had been golfing all day and admittedly consumed alcoholic beverages before the accident. According to witnesses, Curtis admitted fault, but indicated that he did not want to report the accident because his insurance rates were too high. Another witness indicated that Hall, who had a suspended license, did not want to be reported as the driver. Although Dobson denied knowing that Hall was the driver, Hall, along with other witnesses, indicated that Dobson knew that Hall was the driver.

Allen Park police officer Kenneth Zalenski responded to the scene of the accident. Zalenski heard Dobson tell Crupi and Hall that they could make out an accident report with Zalenski, or wait

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and have Dobson take care of it the following Thursday. Dobson then told Zalenski to "clear the scene."

Crupi went to the police station three days later and Dobson prepared a police report. Crupi was listed as the driver of her vehicle and Dobson was not listed as a passenger in Curtis' vehicle.

The Allen Park Police Department subsequently received anonymous telephone calls informing them that the police report had been falsified and that the police officers had been drinking on the day of the accident.

Six charges were brought against Dobson as a result of the traffic accident. The charges alleged that Dobson:

> (1) Knowingly entered false information on a police report regarding the accident of May 18, 1992, in which you were involved;
> (2) Failed to obtain all facts and pertinent information available regarding the accident of May 18, 1992, as reported in complaint #A-404-92;
> (3) [Was] dishonest in your statement to the officer investigating said accident and complaint;
> (4) Failed to allow the responding on-duty officer to fully and properly investigate the accident of May 18, 1992 as reported in complaint #A-404-92;
> (5) Submitted a document to department records for filing that you knew contained false information;
> (6) Instigated and committed actions that tend to or does discredit and injure the morale and reputation of the department.

As a result of these charges, the charging officer recommended that Dobson be discharged.

A hearing was held before the City of Allen Park Fire & Police Civil Service Commission on September 10, 1992. Charges 3, 4, and 6 were

dismissed for lack of evidence. The remaining three charges were sustained. The punishment imposed by the commission was a fifteen-day suspension without pay, the loss of five vacation days, and ineligibility for promotion for six months. Petitioners appealed the commission's findings and order of discipline to the Wayne Circuit Court, which affirmed the commission's determination.

Petitioners maintain that the charges against Dobson were filed more than ninety days after the violation and are therefore void as a matter of law. See MCL 38.514; MSA 5.3364, which provides that "all charges shall be void unless filed within 90 days after the date the violation occurred." The word "occurred" was added when the statute was amended in 1986. 1986 PA 155. Under the prior version of the statute, which provided that "all charges shall be void unless filed within 90 days of the date of the violation," the ninety-day period was interpreted to begin running after the department had knowledge of the violation. See *Solomon v Highland Park Civil Service Comm,* 47 Mich App 536, 539-540; 209 NW2d 698 (1973); see also *Hunn v Madison Heights,* 60 Mich App 326, 333; 230 NW2d 414 (1975). Although the amendment of the act by 1986 PA 155 resulted in substantive changes designed to correct provisions that conflict with anti-discrimination rules, the amendment also made numerous nonsubstantive changes merely to update and clarify the language of the original act, 1935 PA 78. See House Legislative Analysis, HB 5265, March 13, 1986. The change involved in the present case is one such nonsubstantive change, and we see no reason to interpret the statute in a manner other than one consistent with prior opinions of this Court.[1] We hold, there-

---

[1] Our holding is consistent with previous opinions in which this

fore, that the ninety-day limitation period of MCL 38.514; MSA 5.3364 did not begin to run until the discharging authority had actual knowledge of an employment violation.[2]

In the present case, the police department did not have knowledge of Dobson's violations until June 9, 1992. The charges were brought against him on September 1, 1992, within the ninety-day limitation period. Accordingly, no violation of the statute occurred.

We are bound, however, by this Court's recent decision in *Goodridge v Ypsilanti Twp Bd,* 209 Mich App 344; 529 NW2d 665 (1995), wherein the panel (GRIFFIN, J., dissenting), rejected earlier decisions of this Court and held that "all charges filed after ninety days from the date of the violation are void." *Id.* at 347. We believe that *Goodridge* was wrongly decided and, therefore, follow *Goodridge* only because we are constrained to do so by Administrative Order No. 1994-4. Accordingly, because the charges were filed after the ninety-day limitation period, they were void, as is the punishment imposed.[3]

Given our resolution of this issue, we need not address the remainder of petitioners' arguments. We note, however, that we have reviewed the arguments and find them to be without merit.

---

Court has interpreted the limitation provisions in other statutes regulating public employment and has inferred the existence of tolling periods even though the involved statute did not provide explicitly therefore. See, e.g., *Wines v Huntington Woods,* 97 Mich App 86, 91; 293 NW2d 730 (1980); *Werner v Macomb Co Civil Service Comm,* 77 Mich App 533, 538; 258 NW2d 549 (1977).

[2] Interpreting the statute as urged by petitioners would render an absurd result. *Densmore v Dep't of Corrections,* 203 Mich App 363, 364; 512 NW2d 72 (1994). That is, an officer would be able to commit an employment violation and escape punishment if the violation went undetected for ninety days.

[3] Dobson is entitled to be reimbursed for the wages lost during the fifteen-day suspension, to the return of the five vacation days, and to have the ban on the eligibility for promotion lifted.

Reversed.

E. R. POST, J., concurred.

MICHAEL J. KELLY, J. *(concurring).* I concur in the result only because I believe *Goodridge v Ypsilanti Twp Bd,* 209 Mich App 344; 529 NW2d 663 (1995), was correctly decided.