COMMAND OFFICERS ASSOCIATION OF MICHIGAN v CITY OF ALLEN
PARK (ON REMAND)

Docket No. 196011. Submitted July 5, 1996, at Lansing. Decided October 4,
1996, at 9:05 A.M.

The Command Officers Association of Michigan and Kenneth Dobson,
a police officer with the Allen Park Police Department, appealed to
the Wayne Circuit Court from a decision of the City of Allen Park
Fire & Police Civil Service Commission to discipline Dobson as a
result of certain violations with regard to an automobile accident
that occurred on May 18, 1992. The police department did not have
knowledge of the violations until June 9, 1992, and the charges
were brought against Dobson on September 1, 1992. The court,
Kathleen MacDonald, J., affirmed. The Command Officers Associa-
tion and Dobson appealed. The Court of Appeals, FITZGERALD, P.J.,
and E. R. POST, J. (MICHAEL J. KELLY, J., concurring in the result only)
reversed on the ground that the charges against Dobson were not
filed within the ninety-day limitation period of MCL 38.514; MSA
5.3364. 210 Mich App 485 (1995). The panel noted that it was bound
by another panel's decision in *Goodridge v Ypsilanti Twp Bd*, 209
Mich App 344 (1995), that all charges filed after ninety days from
the date of the violation were void. Judges FITZGERALD and POST dis-
agreed with *Goodridge* and noted that, if not bound by *Goodridge*,
they would hold that the ninety-day period does not begin to run
until the charging authority has actual knowledge of the violation.
Judge KELLY, concurring in the result only, stated that *Goodridge*
was correctly decided. The Supreme Court, in lieu of granting leave
to appeal by both parties in *Goodridge* and the respondent in this
case, reversed the judgments of the Court of Appeals in both cases
and remanded the cases to the Court of Appeals for further consid-
eration in light of the Supreme Court opinion, finding that charges
are timely if filed within ninety days of the time the employer
learned, or reasonably should have learned, of the alleged miscon-
duct. 451 Mich 446 (1996).

On remand, with regard to the *Command Officers Ass'n* case,
the Court of Appeals *held*:

The circuit court did not err in affirming the commission's order
of discipline entered against Dobson. The police department
brought the charges within ninety days of the date it had knowl-

edge of Dobson's violations. No violation of MCL 38.514; MSA 5.3364 occurred.

Affirmed.

LIMITATION OF ACTIONS — FIRE FIGHTERS — POLICE OFFICERS — MISCONDUCT.

Charges of misconduct against a member of any fire or police department are timely if filed within ninety days of the time the employer learned, or reasonably should have learned, of the alleged misconduct (MCL 38.514; MSA 5.3364).

*Stephen P. Whitaker*, for the Command Officers Association of Michigan and Kenneth Dobson.

*Pagnucco, Kruse, Tamsen & Labadie, P.C.* (by *Kenneth D. Kruse* and *Deborah L. E. Green*), for the City of Allen Park.

*Judith Sawicki*, for the City of Allen Park Fire & Police Civil Service Commission.

ON REMAND

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and MARKEY, JJ.

FITZGERALD, P.J. This case is before us on remand from the Supreme Court.[1] A panel of this Court previously reversed the trial court's decision to uphold a decision by the City of Allen Park Fire & Police Civil Service Commission to discipline petitioner Kenneth Dobson, a policeman with the Allen Park Police Department, on the ground that the charges against Dobson were not filed within the ninety-day limitation period of MCL 38.514; MSA 5.3364.[2] In reversing, the panel noted that it was bound by another panel's decision in *Goodridge v Ypsilanti Twp Bd*, 209 Mich App

[1] *Goodridge v Ypsilanti Twp Bd*, 451 Mich 446; 547 NW2d 668 (1996).

[2] *Command Officers Ass'n of Michigan v Allen Park*, 210 Mich App 485; 534 NW2d 258 (1995).

344, 347; 529 NW2d 665 (1995), that "all charges filed after ninety days from the date of the violation are void." The panel disagreed with the holding in *Goodridge* and noted that, but for *Goodridge*, it would hold that the ninety-day limitation period of MCL 38.514; MSA 5.3364 did not begin to run until the discharging authority had actual knowledge of an employment violation.[3] Consequently, the panel would have affirmed the decision of the trial court.

The Supreme Court, in lieu of granting leave to appeal, reversed *Goodridge* and our prior opinion in this case and remanded this case "for further consideration in light of this opinion." The Supreme Court held that MCL 38.514; MSA 5.3364 should be interpreted to provide that charges against a member of any fire or police department are timely if filed within ninety days of the time the employer learned, or reasonably should have learned, of the alleged misconduct. Consistent with the Supreme Court's holding in *Goodridge* and with the analysis in our prior opinion, we now hold that, because the police department did not have knowledge of Dobson's violations until June 9, 1992, and the charges were brought against Dobson on September 1, 1992, no violation of MCL 38.514; MSA 5.3364 occurred.

Affirmed.

---

[3] Judge MICHAEL J. KELLY concurred in the result only, stating his belief that *Goodridge* was not wrongly decided by the Court of Appeals.