317 N.W.2d 697 (1981)
FLAMINGO TERRACE MOBILE HOME PARK, INC., Respondent,
v.
James C. SCOTT and Alice M. Scott, Petitioners-Appellants,
Warren Spannaus, Atty. Gen., Intervenor.
No. 51762.
Supreme Court of Minnesota.
December 31, 1981.
Rehearing Denied April 5, 1982.
*698 Stefan A. Tolin, Minneapolis, for petitioners-appellants.
Babcock, Locher, Neilson & Mannella, Blaine, for respondent.
Warren Spannaus, Atty. Gen., and Daniel Kleinberger, Sp. Asst. Atty. Gen., St. Paul, for intervenor.
Considered and decided by the court en banc without oral argument.
TODD, Justice.
In 1977 James and Alice Scott entered into a month-to-month agreement with Flamingo Terrace Mobile Park. In 1979 Flamingo sought to terminate the tenancy based on non-payment of rent, violation of terms of the lease, and in reliance on a 60-day cancellation clause in the lease agreement. The trial court terminated the lease and a three-judge appeals panel affirmed the termination based on the 60-day clause. The Scotts contend the clause is unenforceable because of statutory provisions adopted after the signing of the original lease. We reverse.
The lease between the parties was a month-to-month tenancy terminable without cause by either party upon 60-days written notice. It also required the tenants to abide by park rules. In the spring of 1979, Mrs. Scott's son was observed speeding in the park area. The landlord spoke to Mrs. Scott about the problem, but no written notice of the alleged violation was given to the Scotts. Following one unsuccessful attempt to terminate the tenancy, a new notice of termination was given to the Scotts based on failure to pay rent and violation of park rules. Flamingo also gave to the Scotts a 60-day notice of termination without cause relying on the terms of the lease.
Flamingo brought unlawful detainer proceedings against the Scotts. At the initial hearing the attorney for the Scotts offered to pay into the court the rent due, reserving for consideration by the court the issue of late charges. The attorney entered a denial as to the breach of the terms of the lease agreement. At this point the attorney for the landlord stated: "We would rather have it paid directly to us as long as that's not an issue, Your Honor, nothing to be decided." At the close of the hearing the trial judge stated: "All right. Pay the rent to them and the late charges will be determined later on."
Subsequently, when the matter came to trial, it was assigned to a different trial judge. No transcript of the original proceedings was available at that time. The attorney for the tenants moved to dismiss the unlawful detainer action on the grounds that the landlord by accepting the payment of rent had waived any claim for breach of the lease agreement, citing Central Union Trust Co. v. Blank, 168 Minn. 312, 210 N.W. 34 (1926). The trial court denied the motion, conducted an evidentiary hearing and granted judgment for the landlord in the unlawful detainer proceedings on the grounds the tenants had violated the terms of the lease agreement. No ruling was made as to the issue of late charges. An appeal was taken to the district court.
The three-judge panel found there had been a waiver of the asserted claim for breach of the lease terms when the landlord accepted the rent citing Central Union Trust Co. v. Blank. However, the three-judge panel allowed the order of restitution to stand relying on the 60-day notice provision of the lease agreement. The appeal considered Minn.Stat. § 327.44 (1980) which became effective in May of 1979. This statute provides in part:
327.44 TERMINATION FOR CAUSE.
A lessor may recover possession of land upon which an occupied mobile home is situated only if:
* * * * * *
(b) The tenant fails to comply with the terms and conditions of the lease or rental agreement within 30 days after the tenant has received written notice of the alleged noncompliance except the 30 day notice shall not apply to nonpayment of rent;
* * * * * *

*699 (f) A lease of a term of at least one year expires and the lessor seeks to recover possession within 15 days after expiration.
The appeal panel reasoned that the statute did not preclude a tenancy from becoming a month-to-month tenancy after the site had been occupied for the requisite one year and that therefore the 60-day notice clause remained valid and enforceable. We granted certiorari.
The issues presented are:
1. Does Minn.Stat. § 327.44 permit the existence of a month-to-month tenancy after an initial one year period of occupancy?
2. Under Minn.Stat. § 327.44 may a landlord maintain an unlawful detainer action for alleged breach of the terms and conditions of the lease without having given prior written notice of such alleged breaches?
3. Did the act of the landlord in directly accepting rent during the pendency of an unlawful detainer action constitute a waiver of other grounds for termination of the lease?
1. The Minnesota legislature has addressed the problems associated with the development and expanded use of mobile home parks. It is obvious that the term "mobile" is inappropriate in describing the general operation of most trailer parks. In today's society these are the permanent homes of most of the tenants of these parks. This situation created a need to protect such individuals from being forced from their locations on short term notice. The original act was passed in 1973. See 1973 Minn.Laws, ch. 295. This act provided for termination for other than non-payment of rent on 60-days written notice. Minor changes were made in 1977. See 1977 Minn.Laws, ch. 49. A major restructuring of the law occurred in 1979. See 1979 Minn.Laws, ch. 264. Minn.Stat. §§ 327.44(b) and (f) quoted previously were enacted at this time. Minn.Stat. § 327.44(f) requires the lease term to be of one year duration. The effect of this legislation is to create year-to-year tenancies with the right of the lessor to terminate the year-to-year tenancy by giving the lessee 60-days notice as required by Minn.Stat. § 327.42, subd. 2 and by seeking to recover possession within 15 days of the end of the annual lease term. Neither of these events occurred in this case. The appeals panel reasoned that the statute could be satisfied by a month-to-month tenancy that had been in existence for one year. We disagree. The legislation changed the contract status of all parties involved in such lease agreements. The minimum lease term is one year which will automatically renew itself unless either party takes appropriate action to terminate the lease. Chapter 264 of the Laws of Minnesota for 1979 became effective on May 30, 1979. As of that date the month-to-month tenancy of these parties was converted to a year-to-year tenancy. Since no proper termination of this tenancy was affected by the lessor, the decision to allow a termination was incorrect and we reverse that decision.
2. As indicated above the lease agreement between the parties was subject to section 327.44. Under the provision of section 327.44(b) the landlord must give the tenant 30 days written notice of an alleged failure to comply with the terms and conditions of the lease agreement. No such notice was given and thus the lessor had no grounds for termination of the lease for alleged violations of the terms and conditions of the lease agreement. Consequently, failure to comply with the lease is not an alternative ground for termination.
3. Having determined that the lessor had no grounds to terminate the lease for alleged violations of the terms and conditions of the lease, we need not consider whether or not the acceptance of rent constituted a waiver since there existed no cause of action to waive.
No notice of review was filed as to the issue of the appropriateness of late charges and thus we cannot consider the issue.
Reversed.
KELLEY, J., took no part in the consideration or decision of this case.