JONES v WAYNE COUNTY PROSECUTOR'S OFFICE

Docket No. 95667. Submitted October 15, 1987, at Detroit. Decided December 8, 1987. Leave to appeal applied for.

Scott C. Jones, a prisoner in a state correctional facility, sent two letters to the Wayne County Prosecutor's Office requesting copies of certain documents relating to his then-pending appeal in the Court of Appeals of the convictions for which he was incarcerated. His request cited both the relevant court rule and the Michigan Freedom of Information Act. The prosecutor's administrative assistant denied the request for documents under the statute and suggested that Jones make his request for the documents to the circuit court clerk's office as required by the court rule. Jones, instead of making that request, commenced an action in Wayne Circuit Court against the Wayne County Prosecutor's Office, seeking the documents and the statutory $500 damages for failure to comply with the mandate of the Freedom of Information Act. Both plaintiff and defendant moved for summary disposition. The trial court, Maureen P. Reilly, J., ruled that, although plaintiff was entitled to receive the documents free under the court rule, he could also seek the same documents under the Freedom of Information Act if he wished. Defendant appealed. Plaintiff cross-appealed.

The Court of Appeals held:

While the Freedom of Information Act by its own terms appears to be applicable, the procedure mandated by the court rule is, as a matter of policy, the exclusive means by which one who is seeking records of his or her criminal conviction must proceed.

Reversed.

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 32 et seq.

Access to presentence, probation, and parole reports and recommendations under Freedom of Information Act (5 USCS sec. 552). 81 ALR Fed 801.

Scope of judicial review under Freedom of Information Act (5 USC sec. 552(a)(3)), of administrative agency's withholding of records. 7 ALR Fed 876.

CRIMINAL LAW — RECORDS — FREEDOM OF INFORMATION ACT —
COURT RULES.
> A criminal defendant seeking documents relating to his criminal
> conviction shall seek those documents from the circuit court
> clerk pursuant to court rule rather than from the prosecutor's
> office pursuant to the Michigan Freedom of Information Act;
> under such circumstances the court rule procedure is the
> exclusive means of seeking records related to the conviction
> (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*; MCR 6.101[L]).

Scott C. Jones, in propria persona.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Chief, Civil and Special Litigation, and *Charles E. Grant,* Assistant Prosecuting Attorney, for defendant.

Before: J. H. GILLIS, P.J., and GRIBBS and J. C. TIMMS,* JJ.

PER CURIAM. In this case we are asked to determine whether the prosecutor's office must honor a prisoner's request under the Michigan Freedom of Information Act (MFOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, for certain documents when the prisoner would have been entitled to the documents under MCR 6.101(L) had he requested them from the circuit court clerk.

Plaintiff is a prisoner currently incarcerated at the Dunes Correctional Facility following his plea-based convictions of armed robbery and felony-firearm. In April and May, 1986, plaintiff sent two letters to the Wayne County Prosecutor's Office requesting copies of documents related to his appeal, which was then pending in this Court. Plaintiff relied on both MCR 6.101(L) and the MFOIA in making his request. The prosecutor's administrative assistant denied plaintiff's request under the MFOIA and suggested that plaintiff contact the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court clerk's office to obtain the documents, referring plaintiff to MCR 6.101(L). In response, plaintiff filed a complaint in Wayne Circuit Court, seeking the documents and requesting $500 in damages, MCL 15.240(5); MSA 4.1801(10)(5).

After both parties moved for summary disposition, the circuit judge ruled that, although plaintiff was entitled to receive the documents free under MCR 6.101(L), he could also seek the same documents under the MFOIA if he wished. The prosecutor's office now appeals as of right. We reverse the circuit judge.

Disposition of this case is governed by MCR 6.101(L), which states:

> Without regard to whether an indigent defendant convicted of a crime has exercised the right of appeal or the right to an appellate attorney, or whether the defendant's conviction has or has not been reviewed or affirmed by the Court of Appeals or the Supreme Court, if the defendant makes a request of the court which pronounced sentence for specific documents or transcripts, or both, which have been previously filed with that court, the request being in writing and indicating the materials are required to pursue postconviction remedies, whether in state or in federal court, the clerk of the court which pronounced sentence shall provide the defendant with facsimile copies of the specific documents or transcripts, or both, without cost to the defendant.

In the present case, the documents sought by plaintiff were related to his criminal appeal. Thus, the court rule was squarely on point and plaintiff should have sought the documents from the circuit court clerk, as provided for in the court rule, rather than the prosecutor's office.

While the MFOIA would also appear to be applicable to the present case, we conclude that MCR 6.101(L) governs exclusively when, as in the present case, a person seeks records related to his or her criminal conviction.

The method of obtaining documents related to a person's criminal conviction is a matter of procedure rather than substantive law. After all, the issue is not plaintiff's substantive right to the documents, but rather merely from whom he must request the documents. Procedural issues in the state courts are governed by court rule, not by statute. *Buscaino v Rhodes*, 385 Mich 474; 189 NW2d 202 (1971); *In re Nathan*, 99 Mich App 492; 297 NW2d 646 (1980). In addition, there are practical reasons for requiring plaintiff to proceed under the court rule rather than permitting use of the MFOIA, namely: avoiding duplication of effort and the needless waste of public funds. The court clerk is best equipped to handle a convicted person's request for records related to his or her conviction. It would be a waste of time, effort and money to now provide a second avenue for convicted persons to obtain the same information from the government.

In the present case it appears that defendant also sought any documents that had been prepared by the prosecutor's office relative to defendant's pending appeal and had been filed with the Court of Appeals. However, as the prosecutor would necessarily have served copies of any such documents on defendant's attorney, MCR 2.107 and MCR 6.001, defendant should look to his attorney for copies rather than to the prosecutor's office.

The ruling of the circuit judge is reversed. The case is remanded for dismissal of plaintiff's complaint.