LOCAL 312 OF THE AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO v CITY OF DETROIT

Docket No. 158498. Submitted October 4, 1994, at Detroit. Decided November 8, 1994, at 9:15 A.M. Leave to appeal sought.

Local 312 of the American Federation of State, County, and Municipal Employees, AFL-CIO, brought an action in the Wayne Circuit Court against the City of Detroit, Department of Transportation, seeking disclosure pursuant to the Freedom of Information Act of certain records relating to the subcontracting of bus repairs. The defendant had failed to respond to the initial request for the documents in the belief that it was part of a labor dispute governed exclusively by the public employment relations act. The court, Paul S. Teranes, J., granted partial summary disposition for the plaintiff, plus costs and attorney fees. The defendant appealed.

The Court of Appeals *held:*

1. The public employment relations act and the Freedom of Information Act do not conflict such that the PERA would prevail over the FOIA.

2. The plaintiff is among the class of "persons" who may seek disclosure of public records under the FOIA. MCL 15.232(a); MSA 4.1801(2)(a).

3. The requested records are not exempt from disclosure. MCL 15.243(1)(n); MSA 4.1801(13)(1)(n).

4. The plaintiff, as the prevailing party, is entitled to costs and attorney fees. MCL 15.240(4); MSA 4.1801(10(4).

Affirmed.

*Greenspon, Scheff & Washington, P.C.* (by *George B. Washington*), for the plaintiff.

*Donald Pailen,* Corporation Counsel, *Harnetha Jarrett,* Supervising Assistant Corporation Counsel, and *Dennis A. Mazurek,* Assistant Corporation Counsel, for the defendant.

Before: Michael J. Kelly, P.J., and W. P. Cy-
nar* and P. D. Schaefer,** JJ.

Per Curiam. Defendant appeals as of right from
the circuit court order that denied its motion for
summary disposition and instead granted to plain-
tiff partial summary disposition, costs, and attor-
neys fees under the Freedom of Information Act
(FOIA), MCL 15.231 et seq.; MSA 4.1801(1) et seq.
Plaintiff had sought production of documents relat-
ing to the subcontracting of bus repairs and reha-
bilitation work for the years 1990-91. Defendant
initially failed to respond to the request in the
belief that the parties' labor dispute was governed
by the public employment relations act (PERA),
MCL 423.201 et seq.; MSA 17.455(1) et seq., and
that the documents were exempt from disclosure.
We affirm.

The circuit court did not err in deciding plain-
tiff's action under the FOIA. The PERA and the FOIA
are not conflicting statutes such that the PERA
would prevail over the FOIA. See *Local 1383, Int'l
Ass'n of Fire Fighters, AFL-CIO v City of Warren*,
411 Mich 642; 311 NW2d 702 (1981). We decline
defendant's invitation to create an FOIA exception
based on the status of the person requesting public
documents. The Legislature has clearly defined the
class of "persons" entitled to seek disclosure of
public records. MCL 15.232(a); MSA 4.1801(2)(a).
There is no sound policy reason for distinguishing
between persons who are involved in litigation-
type proceedings and those who are not.

Furthermore, the specific language of § 13(1)(n)
of the FOIA evinces not only the possibility that a
labor organization would seek public records that

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Administrative Order No. 1994-7.
** Circuit judge, sitting on the Court of Appeals by assignment.

may relate to a labor dispute, but also demonstrates that the specific records requested by plaintiff were not exempt from disclosure under the FOIA. MCL 15.243(1)(n); MSA 4.1801(13)(1)(n). In any event, even if the documents requested by plaintiff fell within this exemption, defendant's failure to respond to the request within the statutorily prescribed period constituted a violation of the FOIA. *Hartzell v Mayville Community School Dist,* 183 Mich App 782, 786; 455 NW2d 411 (1990). The circuit court thus had jurisdiction to entertain plaintiff's request for attorney fees. MCL 15.240(4); MSA 4.1801(10)(4).

Because plaintiff prevailed in its FOIA action, the circuit court was required to award plaintiff attorney fees and costs. *Michigan Tax Management Services Co v City of Warren,* 437 Mich 506, 508; 473 NW2d 263 (1991); *Hartzell, supra.* We are convinced that the court properly awarded plaintiff attorney fees and costs beyond the date the documents were made available because of defendant's position with respect to this issue.

Affirmed.