SEATON v WAYNE COUNTY PROSECUTOR (ON REMAND)

Docket No. 191685. Submitted June 4, 1997, at Detroit. Decided August 1, 1997, at 9:00 A.M. Leave to appeal sought.

Parnell Seaton, a state prison inmate, brought an action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, seeking to compel the Wayne County Prosecutor to comply with FOIA requests the plaintiff made between 1989 and 1993 for documents relating to his prosecution and conviction. While the action was pending, the Legislature enacted 1994 PA 131 to prohibit inmates from making FOIA requests. The court, Sharon Tevis Finch, J., granted summary disposition for the prosecutor, determining that 1994 PA 131 applies to the plaintiff. The Court of Appeals denied the plaintiff's application for leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 450 Mich 969 (1996).

On remand, the Court of Appeals *held*:

As decided in *Jones v Wayne Co Prosecutor*, 165 Mich App 62 (1987), MCR 6.101(L), now MCR 6.433(A), governs exclusively when a person seeks records related to the person's criminal conviction such that the FOIA cannot apply. *Jones* is unaffected by *Central Michigan Univ Supervisory-Technical Ass'n MEA/NEA v Central Michigan Univ Bd of Trustees*, 223 Mich App 727 (1997), notwithstanding footnote 2 of *Central Michigan*, p 729, by which the Court of Appeals panel in that case purported to overrule *Jones* to the extent *Jones* conflicted with the holding in *Central Michigan* that court rules governing discovery do not override the FOIA when the person seeking disclosure of records under the FOIA and the public body from whom disclosure is sought are involved in litigation against each other, because *Central Michigan* did not involve a convicted criminal's attempt to gain records of his own criminal trial and because footnote 2 is dicta inasmuch as had the Court of Appeals intended to overrule *Jones*, it would have done so in the text of the *Central Michigan* opinion, not in a footnote.

Affirmed.

TAYLOR, P.J., dissenting, stated that the majority in this case neglected to address the only issue that was briefed by the parties,

i.e., whether 1994 PA 131 retroactively applies to the plaintiff. *Central Michigan* overruled *Jones*, and *Jones* was wrongly decided and should not be followed inasmuch as there is no authority in support of the proposition advanced by *Jones* that the FOIA, which applies to the executive and legislative branches, but not the judicial branch, of government, can be overridden by a court rule that applies only to the judicial branch.

RECORDS — FREEDOM OF INFORMATION ACT — PRISONERS — RECORDS RELATED TO CRIMINAL CONVICTIONS — COURT RULES.

The Freedom of Information Act does not apply to a prisoner's request for records related to the prisoner's criminal conviction, which is governed exclusively by MCR 6.101(L), now MCR 6.433(A) (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

Parnell Seaton, in propria persona.

*John D. O'Hair*, Prosecuting Attorney, and *Frank J. Bernacki*, Assistant Prosecuting Attorney, for the defendant.

ON REMAND

Before: TAYLOR, P.J., and GRIFFIN and SAAD, JJ.

GRIFFIN, J. This case is before us on remand by the Supreme Court for consideration as on leave granted the circuit court's dismissal of plaintiff's complaint brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* 450 Mich 969 (1996). We affirm.

Between 1989 and 1993, plaintiff, a prisoner proceeding in propria persona, sent to defendant several FOIA requests seeking documents, including trial transcripts, relating to plaintiff's criminal trial. Defendant denied plaintiff's FOIA requests for a variety of reasons, which included that plaintiff should obtain the trial transcripts and court records through his court-appointed appellate counsel, who had already received the records. Following defendant's refusal to

comply with the FOIA requests, plaintiff brought this action seeking to compel production of the requested records plus $500 in statutory damages.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court granted defendant's motion on the basis that the FOIA had been amended by 1994 PA 131 to preclude prison inmates from making FOIA requests.

On appeal, plaintiff contends that the trial court erred in granting summary disposition in favor of defendant. We disagree. In *Jones v Wayne Co Prosecutor*, 165 Mich App 62, 65; 418 NW2d 667 (1987), this Court held that the FOIA does not apply to a prisoner's request for records of his own criminal trial. Recently, in *Central Michigan Univ Supervisory-Technical Ass'n, MEA/NEA v Central Michigan Univ Bd of Trustees*, 223 Mich App 727, 729; 567 NW2d 696 (1997), this Court, in a footnote, purported to overrule *Jones* to the extent that the holdings of the two cases conflicted. However, the issue in *Central Michigan* was whether the plaintiff lost its general FOIA rights by filing a *civil* lawsuit. The case did not involve a convicted criminal's attempt to gain records of his own *criminal* trial. Therefore, *Central Michigan* did not address the present issue and could not overrule the holding in *Jones* establishing that MCR 6.101(L), now MCR 6.433(A), "govern[s] exclusively when, as in the present case, a person seeks records related to his or her criminal conviction." *Jones*, *supra* at 65.

Furthermore, the footnote in *Central Michigan* is dicta. We believe that had the *Central Michigan* panel intended to overrule *Jones* with regard to this issue, it would have done so in the text of the opinion rather

than in a footnote. *Guerra v Garratt*, 222 Mich App 285, 292; 564 NW2d 121 (1997).

Consequently, in accordance with *Jones*, we hold that summary disposition in defendant's favor was the correct result. See *Porter v Royal Oak*, 214 Mich App 478, 488; 542 NW2d 905 (1995); *People v Lucas*, 188 Mich App 554, 577; 470 NW2d 460 (1991); *State Mut Ins Co v Russell*, 185 Mich App 521, 528; 462 NW2d 785 (1990). In view of our disposition, we need not decide the other issues raised on appeal.

Affirmed

SAAD, J., concurred.

TAYLOR, P.J. (*dissenting*). I respectfully dissent. Plaintiff has been incarcerated with the Michigan Department of Corrections since 1979, serving prison sentences of parolable life and 125 to 200 years as the result of having been convicted of several counts of armed robbery, first-degree criminal sexual conduct, kidnapping, and possessing a firearm while committing a felony.[1] Between 1989 and 1993, plaintiff sent seven Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, requests to the Wayne County Prosecutor's Office (which office had successfully prosecuted him in the Recorder's Court). Defendant denied each request. Plaintiff, proceeding in propria persona, subsequently filed a lawsuit in 1993 to compel defendant to provide the documents he had requested. While plaintiff's lawsuit was pend-

---

[1] *People v Seaton*, 106 Mich App 234, 235; 307 NW2d 454 (1981) (affirmance of one armed-robbery conviction); *Seaton v Jabe*, 992 F2d 79 (CA 6, 1993) (denial of habeas relief); *People v Seaton*, 454 Mich 858 (1997) (leave denied because defendant failed to meet the burden of establishing entitlement to relief under MCR 6.508[D]).

ing, the Legislature enacted 1994 PA 131, which amended the FOIA to specifically exclude incarcerated persons from those persons entitled to seek documents under the act.[2] Defendant filed a motion for summary disposition on the basis that the act had been amended to remove an incarcerated prisoner's standing to proceed under the FOIA. Plaintiff opposed defendant's motion, arguing that he had a vested right under the old law. The court rejected plaintiff's argument and granted defendant summary disposition, stating as follows in an opinion:

> The statute states public policy. The records have not yet been given. The Court cannot find that someone has a vested right to future activity which is against public policy.

Plaintiff filed an application for leave to appeal, arguing that the trial court had erred in applying the statute retroactively. This Court denied plaintiff's application for leave "for lack of merit in the grounds presented" in an unpublished order issued on March 1, 1995. Plaintiff filed a delayed application for leave to appeal with the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the matter to this Court "for consideration as on leave granted." 450 Mich 969 (1996).

---

[2] Effective May 19, 1994, MCL 15.231(2); MSA 4.1801(1)(2) added the emphasized language to the statute:

> It is the public policy of this state that, consistent with this act, all persons *except those persons incarcerated in state or local facilities* are entitled to full and complete information regarding governmental decision-making, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [Emphasis added.]

The majority opinion herein neglects to determine whether 1994 PA 131 is retroactive, the only issue that has been briefed by the parties, and instead holds that summary disposition was properly granted because plaintiff was not entitled to the requested documents pursuant to *Jones v Wayne Co Prosecutor*, 165 Mich App 62, 65; 418 NW2d 667 (1987). The majority further holds that the recent opinion in *Central Michigan Univ Supervisory-Technical Ass'n v Central Michigan Univ Bd of Trustees*, 223 Mich App 727; 567 NW2d 696 (1997), did not overrule that portion of *Jones* upon which it relies to affirm the granting of summary disposition. I dissent because I am not persuaded that an affirmance may be solely premised on the *Jones* case, because I disagree that *Central Michigan* did not overrule that portion of *Jones* upon which the majority relies, and because *Jones* was wrongly decided.[3]

In *Jones*, a prisoner requested a prosecutor's office to provide him, pursuant to the FOIA, with certain documents related to an appeal. This Court held that MCR 6.101(L) (now MCR 6.433)[4] "governs exclusively

---

[3] I also question the wisdom of deciding a case on issues that have not been briefed. It seems unfair not to allow plaintiff an opportunity to distinguish the *Jones* case. See *Goodridge v Ypsilanti Twp Bd*, 209 Mich App 344, 355; 529 NW2d 665 (1995), rev'd 451 Mich 446; 547 NW2d 668 (1996) ("I would decide only those issues that are raised and preserved") (GRIFFIN, J., dissenting).

[4] The general content of former MCR 6.101(L) is now found in MCR 6.433 subrules A through C. Thus, the majority is in error when it states that former MCR 6.101(L) is now MCR 6.433(A) because it omits the fact that parts of the former rule are found in subrules B and C of MCR 6.433. Subrule D of MCR 6.433 is new and was not part of former MCR 6.101(L). MCR 6.443(D) provides that the court shall not order the transcript of the jury voir dire unless the defendant challenged the jury array, exhausted all peremptory challenges, was sentenced to a term of life imprisonment without the possibility of parole, or shows good cause. It is not clear that plaintiff would be able to meet the strict requirements of subrule D in

when, as in the present case, a person seeks records related to his or her criminal conviction." *Jones, supra* at 65. Former MCR 6.101(L) and its successor require courts that pronounce sentences on defendants to provide specified documents or transcripts if an indigent defendant submits a written request stating the materials are required to pursue postconviction remedies. The *Jones* Court effectively held that the court rule trumped the FOIA because it was a matter of procedure determining from whom the plaintiff had to request the documents. Assuming for the sake of the argument that *Jones* is good law, i.e., MCR 6.433 trumps the FOIA, I dissent from the majority's conclusion for several reasons. The first is based on the majority's implicit conclusion that every document plaintiff requested was available to him under MCR 6.433.

The majority has failed to recognize and apply in this case the limitations of MCR 6.433 with respect to what documents may be secured. The scope of the court rule is such that it only includes documents that are in the court file. Yet, documents that are subject to production under the FOIA may be in a prosecutor's

---

order to obtain transcripts of his voir dire. Therefore, the FOIA may be the only way plaintiff can obtain transcripts of his voir dire (assuming the prosecutor has copies). I also note that in *People v Bass (On Rehearing)*, 223 Mich App 241; 565 NW2d 897 (1977), this Court held that a transcript of voir dire must be provided in all cases where appointed appellate counsel was not the indigent defendant's trial counsel. However, on June 19, 1997, the Supreme Court entered an order staying the precedential effect of the judgment of the Court of Appeals insofar as it held that indigent criminal defendants are entitled to a transcript of the jury voir dire without satisfying the requirements of MCR 6.425(F)(2)(a)(i), 455 Mich 720. [The Supreme Court continued the stay on the Court of Appeals judgment and granted leave to appeal in *People v Bass*, on August 4, 1997, 456 Mich 851 (1997).—REPORTER.] (MCR 6.425[F][2][a][i] contains language similar to MCR 6.433[D]).

file but not in the court file, e.g., police reports or a letter from the prosecutor to defense counsel. This demonstrates that the statute and the court rule are not necessarily coterminous. If a requested document falls outside the ambit of the court rule but within the ambit of the FOIA, the trumping argument is inapplicable. This is important in the instant case because plaintiff specifically asserted in the lower court that some of the documents that he requested, including police reports, were not in the court file. Under such circumstances, I must dissent from the majority's holding that plaintiff's entire FOIA claim was properly dismissed on the basis of MCR 6.433.

Next, it must be noted that this court rule only applies if the defendant indicates the requested documents are necessary in order to pursue postconviction remedies. Thus, if a defendant requests documents after having exhausted all postconviction remedies, the documents would not be available pursuant to the court rule. Or, if a defendant has decided not to file an appeal or additional appeals but simply wants the materials in order to read them or to write a book, or even to use in considering a legal malpractice action, the documents could not be secured by use of the court rule. Because the record is not clear that plaintiff wanted all the requested documents in order to pursue postconviction remedies, and the majority makes no such claim, I disagree with the majority's conclusion that plaintiff could have obtained all the documents he requested under MCR 6.433.

Moreover, I believe the majority is incorrect in its analysis of the effect of *Central Michigan* on *Jones.* As previously indicated, the majority claims *Central*

*Michigan* did not overrule that portion of *Jones* upon which it relies to affirm the granting of summary disposition. The majority relies upon that portion of *Jones* that states that MCR 6.101(L) (now MCR 6.433) "governs exclusively when, as in the present case, a person seeks records related to his or her criminal conviction." *Jones, supra* at 65. In *Central Michigan*, this Court rejected a claim that a civil litigant had to utilize the applicable discovery court rules to obtain documents from the opposing litigant, a public body, rather than simply using the FOIA to get them. In essence, *Central Michigan* says that, when litigating with a public body subject to the FOIA, either the discovery court rules or the FOIA can be used. As is apparent, this seems to emasculate *Jones* and the *Central Michigan* Court acknowledged as much in footnote 2 of its opinion where it stated: "To the extent that *Jones* conflicts with our holding in this case, we overrule it." *Central Michigan, supra* at 729. In reaching its conclusion, *Central Michigan* relied upon *Local 312, AFSCME v Detroit*, 207 Mich App 472, 473; 525 NW2d 487 (1994), which stated in relevant part "We decline defendant's invitation to create an FOIA exception based on the status of the persons requesting the public documents." Thus, *Local 312, AFSCME* effectively overruled[5] *Jones*, and *Central Michigan* made the demise of *Jones* explicit. Furthermore, in describing the FOIA, the *Central Michigan* Court, *supra* at 730, stated that the FOIA was "a mechanism for the public to gain access to information

---

[5] I use the word "overruled" because Administrative Order No. 1996-4 (which is to become MCR 7.215[H] effective September 1, 1997) gives that effect to post-November 1, 1990, opinions vis-à-vis earlier Court of Appeals opinions.

from public bodies *regardless of whether there is a case, controversy, or pending litigation."* (Emphasis added). Thus, *Central Michigan* clearly held that a person may utilize the FOIA to obtain documents from public bodies without regard to whether there is pending litigation. If there was pending litigation here, something that is not entirely clear but apparently assumed by the majority, then the FOIA could still be used by plaintiff. On the basis of the foregoing analysis, I must dissent from the majority's claim that *Central Michigan* did not overrule that portion of *Jones* upon which it relies. Both *Local 312, AFSCME* and *Central Michigan* held that a party may utilize the FOIA to obtain documents, even if the documents are otherwise available pursuant to a court rule. These cases are binding precedent and mean that it is irrelevant to the FOIA utilization issue that there is a court rule that also makes the documents available. Thus, I reject the majority's claim that plaintiff could not utilize the FOIA to obtain documents on the basis that they were available (a questionable assertion as shown above) to him pursuant to a court rule.

The majority, in an effort to skirt *Central Michigan* and its effect on the majority's analysis, asserts that if the *Central Michigan* panel had intended to overrule that portion of *Jones* upon which the majority in this case relies, the *Central Michigan* panel would have done so in the text of the opinion rather than in a footnote. I disagree. First, *Central Michigan* does not mention *Jones* anywhere in the text of its opinion; it only mentions it in footnote 2. Thus, any discussion of *Jones* would of necessity occur in the footnote. It would seem that this would, or should, have some effect on the new concept of impossibility of overrul-

ing by footnote. The majority, however, does not discuss this important nuance. Second, the footnote explicitly mentions the exact language from *Jones* upon which the majority herein relies and states that *Jones* is overruled to the extent that it conflicts with its holding. If this does not mean that it is overruled, what are we to understand it does mean? The majority fails to assist us with that conundrum. Third, a footnote is an entirely proper place to mention that a case is being overruled. See, e.g., *Wayne Co v Britton Trust*, 454 Mich 608, 621, n 11; 563 NW2d 674 (1997), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 635, n 8; 563 NW2d 683 (1997), wherein our Supreme Court recently overruled cases in footnotes. In summary, this effort to evade the holding of *Central Michigan* cannot be sustained, but even if it could, it does not deal with the identical conclusion of *Local 312, AFSCME* that counsels a similar conclusion: that *Jones* has in fact been overruled.

In any event, even if *Jones* has not been overruled, which as I have discussed I believe it has, I am persuaded that it was wrongly decided and I am not bound to follow it under Administrative Order No. 1996-4 because it was decided before November 1990. It is my view that *Jones* was wrongly decided because the FOIA applies to the executive and legislative branches of government, but not the judicial branch. MCL 15.232(b)(v); MSA 4.1801(2)(b)(v). The limited analogue to the FOIA that pertains to the judiciary was MCR 6.101(L). This rule allowed certain persons to obtain certain documents from the judicial branch. *Jones* declared the court rule to be a rule of procedure superseding contrary statutes, citing cases holding that rules promulgated pursuant to the Supreme

Court's rule-making procedure prevail. There is no authority for the proposition that a statute, such as the FOIA, which grants rights to be exercised against the executive and legislative branches to acquire information, can affect in any fashion a court rule that applies only to the judicial branch even where the court rule makes equivalent information available. Simply stated, the statute and the court rule apply to different branches of the government and exist parallel, but independent, of each other. The Legislature did not include an exception to the FOIA providing that documents may not be obtained under the FOIA if they can otherwise be obtained from the judicial branch of government. Moreover, the Supreme Court, in promulgating the court rule, did not—assuming it could constitutionally do so[6]—purport to require primary resort to the procedure established by court rule. For the Court of Appeals in *Jones* to effectively engraft an amendment to the FOIA that establishes that one of the two independently created remedies is somehow exclusive is insupportable in law and added an exception to the FOIA benefiting an officeholder of the executive branch[7] that the Legislature did not choose to enact.[8] Furthermore, to read such an

---

[6] See *McDougall v Eliuk*, 218 Mich App 501, 513 ff; 554 NW2d 56 (1996) (Taylor, J. dissenting), lv pending.

[7] The prosecutor denied several of plaintiff's requests utilizing a form letter checking a box stating that the judicial system is not subject to the FOIA and, consequently, requests for court documents and transcripts would not be honored. As indicated earlier in my dissent, the judicial branch is exempt from FOIA. However, a prosecutor may not rely on that exemption because the prosecutor's office is part of the executive branch of government, not the judicial branch. *Genesee Prosecutor v Genesee Circuit Court*, 386 Mich 672, 682-684; 194 NW2d 693 (1972).

[8] This case does not present a situation where a plaintiff has submitted a duplicate FOIA request where the requested documents were provided pursuant to an earlier request. *Densmore v Dep't of Corrections*, 203 Mich

exception into the FOIA as the *Jones* Court did is a judicial encroachment upon legislative prerogatives and runs contrary to separation of powers principles.

In conclusion, the majority's reliance upon *Jones* and MCR 6.433 to affirm the trial court's summary dismissal of plaintiff's FOIA complaint is error. Therefore, there is no good reason not to decide the issue raised in this appeal: the only issue that has been briefed and the sole basis for the lower court's ruling, i.e., whether 1994 PA 131 was properly held to be retroactive. I was prepared to decide that issue. However, because I am writing a dissent and the majority has declined to resolve the issue, I would be merely rendering a nonbinding opinion if I were to put forth my analysis regarding the retroactivity of 1994 PA 131. This I decline to do because it will benefit no one.

For all the foregoing reasons, I dissent.

---

App 363; 512 NW2d 72 (1994), holds that duplicate FOIA requests need not be answered absent an explanation for the need for duplication. In fact, plaintiff specifically alleged in the lower court that he did not have a copy of the documents previously supplied to him (presumably by the Recorder's Court) because the Department of Corrections had lost his legal property. *Densmore* has no applicability because we are dealing with parallel remedies involving different branches of the government and it does not apply by analogy because plaintiff has provided an explanation for the need to have the documents provided again. Indeed, *Densmore* is subject to criticism for having created an exception to the FOIA that was not passed by the Legislature. See OAG, 1993-1994, No. 6766, p 52 (August 19, 1993) (prior disclosure of a record is not a basis of exemption under § 13 of the FOIA).