CENTRAL MICHIGAN UNIVERSITY SUPERVISORY-TECHNICAL ASSO-
CIATION MEA/NEA v CENTRAL MICHIGAN UNIVERSITY BOARD OF
TRUSTEES

Docket No. 191602. Submitted December 12, 1996, at Lansing. Decided
May 30, 1997, at 9:10 A.M. Leave to appeal sought.

Central Michigan University Supervisory-Technical Association,
MEA/NEA brought an action in the Isabella Circuit Court against
Central Michigan University Board of Trustees and Central Michi-
gan University, seeking to compel disclosure of public records pur-
suant to the Freedom of Information Act (FOIA), MCL 15.231 et seq.;
MSA 4.1801(1) et seq. The court, Paul H. Chamberlain, J., on cross
motions for summary disposition, granted summary disposition for
the defendants, agreeing with the defendants' contention that,
because a prior action by the plaintiff against the defendants was
pending, the plaintiff was not entitled to disclosure under the FOIA
and had to follow MCR 2.300 et seq., the court rules regarding dis-
covery, to obtain the records sought. The plaintiff appealed.

The Court of Appeals held:

There is not a conflict between the FOIA and the court rules
regarding discovery such that the court rules must prevail. The FOIA
is a mechanism by which the public may gain access to information
from public bodies regardless of whether there is a case, contro-
versy, or pending litigation. The fact that discovery is available as a
result of pending litigation between the parties does not exempt a
public body from complying with the FOIA.

Reversed.

HOLBROOK, Jr., J., concurring, stated that the FOIA and the court
rules regarding discovery represent two independent schemes for
obtaining information and that the plaintiff's FOIA request must be
evaluated in light of the language and purposes of the FOIA, as well
as the plaintiff's asserted reason and need for the document.

RECORDS — FREEDOM OF INFORMATION ACT — LITIGATION — DISCOVERY.

The availability of discovery in pending litigation between a person
and a public body does not exempt the public body from comply-
ing with the Freedom of Information Act with respect to a request
by the person for disclosure of a public record (MCL 15.231 et seq.;
MSA 4.1801[1] et seq.).

*White, Przybylowicz, Schneider & Baird, P.C.* (by *Thomas A. Baird* and *Kathleen Corkin Boyle*), for the plaintiff.

*Lynch, Gallagher, Lynch & Martineau, P.L.L.C.* (by *Steven W. Martineau*), for the defendants.

Before: FITZGERALD, P.J., and HOLBROOK, Jr., and E. R. POST*, JJ.

FITZGERALD, P.J. Plaintiff appeals as of right the order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) and denying plaintiff's motion for summary disposition. We reverse.

Plaintiff argues that defendants improperly denied its request for information pursuant to Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Plaintiff made the request one day after filing suit against defendants in a prior case. Defendants denied plaintiff's FOIA request at that time on the basis that, because plaintiff had filed suit against defendants, plaintiff was not entitled to seek information pursuant to the FOIA, but rather had to follow proper court rule procedure, MCR 2.300 *et seq.*, to obtain it.[1] The prior suit was voluntarily dismissed, and plaintiff brought the instant claim contending that defendants improperly denied its FOIA request. Defendants brought a motion for summary disposition. The trial court, agreeing with defendants'

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendants did not deny that plaintiff had a substantive right to the information, only that plaintiff had to follow proper court rule procedure to obtain it.

argument, granted defendants' motion.[2] We review a motion for summary disposition granted under MCR 2.116(C)(10) de novo to determine whether there is factual support for a claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993); *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994).

The issue here is not whether plaintiff had a substantive right to the information sought, but whether plaintiff could seek the information through the FOIA in light of the fact that it had filed a suit. In *Local 312, AFSCME v Detroit*, 207 Mich App 472; 525 NW2d 487 (1994), the plaintiff sought information pursuant to the FOIA in a labor dispute covered by the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.* The defendant maintained that the plaintiff's request required no response because the union's request was governed by the discovery rules of the PERA and not by the FOIA. This Court, in finding that the documents were not exempt from disclosure under the FOIA, held:

> The circuit court did not err in deciding plaintiff's action under the FOIA. The PERA and the FOIA are not conflicting statutes such that the PERA would prevail over the FOIA. See *Local 1383, Int'l Ass'n of Fire Fighters, AFL-CIO v City of Warren*, 411 Mich 462; 311 NW2d 702 (1981). We decline defendant's invitation to create an FOIA exception based on

---

[2] In so ruling, the trial court cited *Jones v Wayne Co Prosecutor's Office*, 165 Mich App 62; 418 NW2d 667 (1987), wherein this Court held that, although the FOIA applied to a prisoner's request for documents related to his criminal appeal, MCR 6.101(L) (now MCR 6.433) governed exclusively when a person seeks records related to his criminal conviction. To the extent that *Jones* conflicts with our holding in this case, we overrule it.

the status of the persons requesting the public documents. The Legislature has clearly defined the class of "persons" entitled to seek disclosure of public records. MCL 15.232(a); MSA 4.1801(2)(a). There is no sound policy reason for distinguishing between persons who are involved in litigation-type proceedings and those who are not. [*Local 312, supra* at 473.]

As in *Local 312*, we do not detect a conflict between the court rules and the FOIA. The FOIA is not a statutory rule of practice, but rather a mechanism for the public to gain access to information from public bodies regardless of whether there is a case, controversy, or pending litigation. The fact that discovery is available as a result of pending litigation between the parties does not exempt a public body from complying with the public records law. We refuse to read into the FOIA the restriction that, once litigation commences, a party forfeits the right available to all other members of the public and is confined to discovery available in accordance with court rule.

Reversed.

E. R. Post, J., concurred.

Holbrook, Jr., J., *(concurring)*. I concur in the majority opinion but write separately to emphasize the clear distinction between discovery in civil litigation and requests under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Federal courts, in reviewing this issue pursuant to the federal FOIA, on which the Michigan FOIA was modeled, have indicated that the "FOIA was not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided" under the court rules. One was never

intended to replace or supplement the other. *NLRB v Robbins Tire & Rubber Co*, 437 US 214, 242; 98 S Ct 2311; 57 L Ed 2d 159 (1978); *NLRB v Sears, Roebuck & Co*, 421 US 132, 143, n 10; 95 S Ct 1504; 44 L Ed 2d 29 (1975). Thus, the discovery rules and the FOIA represent "two independent schemes for obtaining information" and an FOIA request contemplates a "separate action." *United States v Murdock*, 548 F2d 599 (CA 5, 1977). Here, plaintiff's request for information pursuant to the FOIA was denied by defendants solely on the basis of the ongoing civil litigation. This was error. The correct approach would be for plaintiff's FOIA request to be evaluated in light of the language and purposes of the FOIA, as well as plaintiff's asserted reason and need for the documents. *Robbins Tire & Rubber Co, supra.*